**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|   |   |
|---|---|
| WILFREDO GONZALEZ-LORA, : |   |
| : | Civil Action No. 13-1961(NLH) |
| Petitioner, : |   |
| : |   |
| v. : | **OPINION** |
| : |   |
| JORDAN HOLLINGSWORTH, : |   |
| Warden, : |   |
| : |   |
| Respondent. : |   |

**APPEARANCES:**

Wilfredo Gonzalez-Lora
Moshanno Valley Correctional Institution
555 GEO Drive
Philipsburg, PA 16866
 Petitioner pro se

**HILLMAN**, District Judge

 Petitioner Wilfredo Gonzalez-Lora,[1] a prisoner currently

---

[1] Under the name "Wilfredo Gonzalez Lora," Petitioner was convicted in 1999, in the U.S. District Court for the Eastern District of Virginia, of conspiracy to distribute and possession with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 846, and was sentenced to a term of imprisonment of 292 months, pursuant to which he is presently confined. See United States v. Lora, Crim. No. 98-0358 (E.D. Va.). See also U.S. v. Lora, 26 F.App'x 149 (4th Cir. 2001), cert. denied, 535 U.S. 1087 (2002).

confined at Moshanno Valley Correctional Institution at Philipsburg, Pennsylvania,[2] has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[3] The sole respondent is Warden Jordan Hollingsworth.

Because it appears from a review of the Petition that Petitioner is not entitled to relief, the Petition will be dismissed. See 28 U.S.C. § 2243.

I. BACKGROUND

Petitioner states that, in 1984, he entered the United States legally as a permanent resident alien, after which he

---

This Court's review of the U.S. Courts' Public Access to Court Electronic Records ("PACER") system reveals that Petitioner is a frequent litigator in the federal court system under the names "Wilfredo Gonzalez Lora" and "Wilfred G. Lora" as well as under the name used here, "Wilfredo Gonzalez-Lora." Accordingly, the Court will direct the Clerk of the Court to amend the Docket to reflect these other spellings of Petitioner's name.

[2] At the time he submitted this Petition, Petitioner was confined at the Federal Correctional Institution at Fort Dix, New Jersey, and Jordan Hollingsworth was then the Warden of that facility. Petitioner has since been transferred to the Moshanno Valley Correctional Institution.

[3] Section 2241 provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
> (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

applied for citizenship, in a process that was never completed, for various reasons not relevant here.  (Memorandum of Law [1], at 3 et seq.)  Petitioner states that an Immigration Judge in Philadelphia ordered him removed to the Dominican Republic on May 23, 2000, while his criminal appeals were pending.  (Memorandum of Law at 7.)  Petitioner appealed to the Board of Immigration Appeals, which dismissed the appeal.  In 2008, the Court of Appeals for the Third Circuit denied Petitioner's petition for review of the removal order finding, among other things, that his citizenship claim was "without merit."  See Gonzalez-Lora v. Attorney General of the U.S., 314 F.App'x 447, 449 (3d Cir. 2008).  In 2012, the Court of Appeals denied a petition for review of the BIA's refusal to re-open Petitioner's removal proceedings.  See Gonzalez-Lora v. Attorney General of the U.S., 468 F.App'x 178 (3d Cir. 2012).

Here, Petitioner asserts that the Bureau of Prisons (the "BOP"), at the request of immigration officials and on the basis of the allegedly void order of removal, has placed a "detainer"[4]

---

[4] An immigration detainer:

> serves to advise another law enforcement agency that the Department [of Homeland Security, Bureau of Immigration and Customs Enforcement] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien.  The detainer is a request that such agency advise the Department, prior to release of the alien, in order for the Department to arrange to assume custody, in

3

on Petitioner.  Petitioner asks this Court to nullify the allegedly void order of removal and to "vacate" the detainer, both of which he contends are causing him difficulties.  For example, Petitioner contends that the detainer is affecting his ability to participate in various BOP programs, including halfway house programs and apprenticeship programs (such as a landscaping program).[5]  He also complains that the allegedly void order of removal precludes him from using the Freedom of Information Act and the Privacy Act to obtain information related to his immigration and criminal proceedings.

In addition, Petitioner has filed a Motion [3] for an order compelling his return to the Federal Correctional Institution at Fort Dix, to participate in this litigation and because the new facility is "just a 'enhanced' county Jail, where a sentence of ten year here will amount to a violation of the eighth Amendment, and also violate the criminal judgment and commitment as there is not rehabilitation here."  (Motion, at 4.)  Finally, Petitioner has filed a Motion [5] to expedite this proceeding.

---

situations when gaining immediate physical custody is either impracticable or impossible.

8 C.F.R. § 287.7(a).

[5] Petitioner asserts that he has approximately eight years left to serve on his sentence.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Rainey v. Varner, 603 F.3d 189, 198 (3d Cir. 2010) (citing United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)); Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); McFarland v. Scott, 512 U.S. 849, 856 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989). See also 28 U.S.C. §§ 2243, 2255.

## III. ANALYSIS

### A. The Challenge to the Order of Removal

Petitioner asserts that the Order of Removal is invalid for a number of reasons. Pursuant to the REAL ID Act of 2005, however, district courts no longer have jurisdiction to entertain § 2241 habeas petitions challenging final orders of removal. Instead, such challenges now must be asserted through a petition for review filed in the appropriate U.S. Court of Appeals. See 8 U.S.C. § 1252(a), (b). Accordingly, this Court lacks jurisdiction to consider this claim.

Pursuant to 28 U.S.C. § 1631,

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

This Court finds that it would not be in the interest of justice to construe this claim as a new petition for review of the removal order and to transfer it to the Court of Appeals for the Third Circuit, as that Court has twice denied petitions for review of this same removal order, including on grounds re-asserted by Petitioner here.

B.   The Challenge to the Detainer

The incidental effect of the immigration detainer on Petitioner's eligibility for certain prison programming does not violate any constitutional right to due process or equal protection.

A liberty interest protected by the Due Process Clause may arise from either of two sources: the Due Process Clause itself or enacted law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Asquith v. Department of Corrections, 186 F.3d 407, 409 (3d Cir. 1999). With respect to convicted and sentenced prisoners, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976), quoted in Hewitt, 459 U.S. at 468 and Sandin v. Conner, 515 U.S. 472, 480 (1995). See also Bacon v. Minner, 229 F.App'x 96, 98 (3d Cir. 2007) (citing Asquith, Hewitt, and Sandin). Cf. Washington v. Harper, 494 U.S. 210, 221-22 (1990) (holding that prisoner possesses liberty interest under the Due Process Clause in freedom from involuntary administration of psychotropic drugs); Vitek v. Jones, 445 U.S. 480, 493-94 (1980) (holding that prisoner possesses liberty interest under the Due Process Clause in

7

freedom from involuntary transfer to state mental hospital coupled with mandatory treatment for mental illness, a punishment carrying "stigmatizing consequences" and "qualitatively different" from punishment characteristically suffered by one convicted of a crime).

Governments, however, may confer on prisoners liberty interests that are protected by the Due Process Clause. "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484 (finding that disciplinary segregation conditions which effectively mirrored those of administrative segregation and protective custody were not "atypical and significant hardships" in which a state conceivably might create liberty interest). Petitioner does not allege either that some statute confers a liberty interest in being free from the constraints imposed against prisoners subject to an immigration detainer or that the program limitations under which he is confined present "atypical and significant hardships." Thus, Petitioner cannot establish any deprivation of his liberty interests under the Due Process Clause.

This issue has been litigated frequently with respect to federal prisoners. For example, the regulation limiting participation in the substance-abuse early release program established in 18 U.S.C. § 3621(b) has withstood challenge by persons subject to immigration detainers. United States Code Title 18 Section 3621(b) requires the Bureau of Prisons to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). As an incentive for prisoners to successfully complete the program, "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B). Pursuant to these statutory sections, and in an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the Bureau has promulgated regulations prescribing certain additional early release criteria, <u>inter</u> <u>alia</u> excluding from consideration for early release prisoners who are subject to an immigration detainer. 28 C.F.R. § 550.58(a)(1)(I). This is analogous to the type of program limitation that Petitioner mentions.

In Lopez v. Davis, 531 U.S. 230 (2001), the Supreme Court held that it was a proper exercise of discretion by the Bureau of Prisons to categorically deny eligibility for early release to prisoners with "a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses," 28 C.F.R. § 550.58(a)(1)(iv), or to prisoners whose current offense is one of certain enumerated felonies involving the use or attempted use of force, or involving the carrying, possession, or use of a firearm or other dangerous weapon, or involving sexual abuse upon children, 28 U.S.C. § 550.58(a)(1)(vi). In reaching this conclusion, the Court first noted that the language of § 3621(e)(2)(B) grants the Bureau discretion to reduce a prisoner's sentence for successful completion of a substance abuse treatment program, but fails to define any parameters by which the Bureau should exercise that discretion.

> In this familiar situation, where Congress has enacted a law that does not answer "the precise question at issue," all we must decide is whether the Bureau, the agency empowered to administer the early release program, has filled the statutory gap "in a way that is reasonable in light of the legislature's revealed design." We think the agency's interpretation is reasonable both in taking account of preconviction conduct and in making categorical exclusions.

Lopez, 531 U.S. at 242 (citing, inter alia, Chevron, U.S.A., Inc. v. National Resources Defense Council, Inc., 467 U.S. 837, 842 (1984))(other citations omitted). Thus, "the statute's

10

restriction of early release eligibility to nonviolent offenders does not cut short the considerations that may guide the Bureau." Lopez, 531 U.S. at 242. See also Magnin v. Beeler, 110 F.Supp.2d 338 (D.N.J. 2000) (upholding 28 C.F.R. §550.58(a)(1)(vi), before Lopez, as a valid exercise of the Bureau's discretion).

The Court of Appeals for the Eighth Circuit has stated that it sees no difference between the categorical exclusion examined by the Supreme Court in Lopez v. Davis and the categorical exclusion of prisoners subject to an immigration detainer in 28 C.F.R. § 550.58(a)(1)(I), holding that the latter is also within the Bureau's discretion. United States v. Lopez-Salas, 266 F.3d 842, 848 (8th Cir. 2001). See also Adeyeye v. Dept. of Homeland Security, 198 F.App'x 196 (3d Cir. 2006) (also finding, in a non-precedential decision, that the exclusion is a legitimate exercise of the Bureau's discretion).

Here, the programs mentioned by Petitioner, including those involving halfway houses or off-site apprenticeship programs, are ones in which "custody" is a consideration, similar to the early release program, and Petitioner has not suggested any reason why it is unreasonable for the prison authorities to take into account an immigration detainer in determining eligibility for such programs. This Court finds that the existence of an immigration detainer is a legitimate factor to consider in

determining eligibility for custody-related programming. See Phuong Thanh Nguyen v. Kirby, Civil No. 10-4525, 2010 WL 3862368 (D.N.J. Sept. 24, 2010).

Finally, the exclusion of persons subject to an immigration detainer does not violate the Equal Protection Clause. Program limitations such as those challenged here classify prisoners as those who are subject to custodial considerations (including those who have detainers lodged against them) and those who are not, not on the basis of alienage. See McLean v. Crabtree, 173 F.3d 1176, 1185-86 (9th Cir. 1999), cert. denied, 528 U.S. 1086 (2000). Accordingly, "the Equal Protection Clause requires only that the classification rationally further a legitimate state interest." See Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).

Excluding prisoners subject to detainers or other custodial considerations from participation in programs involving custody issues is rationally related to prison authorities' legitimate interest in preventing such prisoners from fleeing. See McLean v. Crabtree, 173 F.3d at 1185-86; Green v. Apker, 153 F.App'x 77, 79-80 (3d Cir. 2005) (citing McLean v. Crabtree). Cf. Franco v. Bureau of Prisons, 207 F.App'x 145 (3d Cir. 2006) (affirming, on rational basis review, District Court's rejection of equal-protection challenge to Bureau's prison transfer policy, which distinguishes between prisoners who are subject to immigration detainers and other custodial considerations and

those who are not). Accordingly, the detainer, and the program limits it triggers, do not violate the Equal Protection Clause.

C.  The Motion for Return to this Jurisdiction

Plaintiff asks this Court to order him returned to this jurisdiction, to participate in this litigation and because he finds the conditions at Moshanno Valley Correctional Institution unsatisfactory.

A habeas corpus petition is the proper mechanism for a federal prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997). See also Wilkinson v. Dotson, 544 U.S. 74 (2005). In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action. See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein. See also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 237 (3d Cir. 2005) (finding that a challenge to regulations limiting pre-release transfer to community corrections centers was properly brought in habeas); Macia v. Williamson, 219 F.App'x 229, (3d Cir. 2007) (finding habeas jurisdiction in challenge to

13

disciplinary hearing that resulted in sanctions including loss of good-time credits, disciplinary segregation, and disciplinary transfer).

The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990) (entertaining challenge to BOP refusal to consider prisoner's request that state prison be designated place for service of federal sentence, in order that state and federal sentences could run concurrently). See also George v. Longley, 463 F.App'x 136 (3d Cir. 2012) (citing Coady and Barden).

The Court of Appeals has noted, however, that "the precise meaning of 'execution of the sentence' is hazy." Woodall, 432 F.3d at 237. Distinguishing Woodall, the Court of Appeals has held that a challenge to a garden-variety transfer decision is not cognizable in habeas. See Ganim v. Federal Bureau of Prisons, 235 F.App'x 882 (3d Cir. 2007). Accordingly, as in Ganim, and insofar as Petitioner's challenge is based upon his personal disdain for the conditions at Moshanno Valley Correctional Institution, this Court lacks habeas jurisdiction to consider Petitioner's challenge to his place of confinement.

14

In any event, however, to the extent this Court could exercise jurisdiction over Petitioner's claim, it is meritless. See Castillo v. FBOP FCI Fort Dix, 221 F.App'x 172, 175, (3d Cir. 2007) (considering viability of claims under civil rights, injunctive relief, and mandamus theories after determining that claims were not cognizable in habeas). With respect to convicted and sentenced prisoners, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976), quoted in Hewitt v. Helms, 459 U.S. 460, 468 (1983), and Sandin v. Conner, 515 U.S. 472, 480 (1995).

As noted above, governments may confer on prisoners liberty interests that are protected by the Due Process Clause. "But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484 (finding that disciplinary segregation conditions which effectively mirrored those of administrative segregation and

protective custody were not "atypical and significant hardships" in which a state conceivably might create liberty interest). See also Asquith v. Department of Corrections, 186 F.3d 407, 411-12 (3d Cir. 1999) (holding that return to prison from halfway house did not impose "atypical and significant hardship" on prisoner and, thus, did not deprive him of protected liberty interest).

It is well established that a prisoner possesses no liberty interest arising from the Due Process Clause in a particular custody level or place of confinement. See, e.g., Olim v Wakinekona, 461 U.S. 238, 245-46 (1983), cited in Becerra v. Miner, 248 F.App'x 368, 370 (3d Cir. 2007); Hewitt, 459 U.S. at 466-67; Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye, 427 U.S. at 242. Accordingly, an inmate has no liberty interest in assignment to an institution based on personal preference for the program levels.[6]

Finally, it is clear from this Court's decision that Petitioner's presence in this District is not necessary to resolution of this matter.

---

[6] To the extent Petitioner contends that his present conditions of confinement violate the Eighth Amendment, his proper course of action would be to pursue a civil action in the district where the correctional facility is located.

## IV. CONCLUSION

For the reasons set forth above, the challenge to the detainer is denied and the challenge to the order of removal and to the transfer will be dismissed for lack of jurisdiction. The Motion to expedite will be dismissed as moot.

An appropriate order follows.

At Camden, New Jersey

    s/ Noel L. Hillman
Noel L. Hillman
United States District Judge

Dated: November 26, 2013